JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-01450-SSS-SPx | Date | July 24, 2025 |
|---|---|---|---|
| Title | *Marinaj Properties LLC v. Kevin Realworldfare et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 12]; (2) DENYING REQUEST FOR FEES (3) DENYING OTHER PENDING MOTIONS [DKT. 8, 15, 19, 28, 34, 36]; AND (4) VACATING JULY 25, 2025 HEARING (IN CHAMBERS)

Before the Court is Plaintiff Marinaj Properties LLC's Motion to Remand to the Superior Court of the State of California for the County of Riverside (the "Motion"). [Dkt. 12]. In their Motion, Plaintiff further requests the Court award them attorney's fees. [Dkt. 12 at 7–9]. For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand, and **DENIES** Plaintiff's request for attorney's fees.[1] The Court **VACATES** the hearing set for July 25, 2025.

### I.    FACTUAL AND LEGAL BACKGROUND

This matter arises out of a quiet title action filed by Plaintiff against Defendant in Riverside County Superior Court on February 26, 2025. [Dkt. 12-4,

---

[1] In light of the Court's finding it lacks jurisdiction over the action as improperly removed, all other pending motions in this matter are hereby **DENIED** as **MOOT**. [Dkt. 8, 15, 19, 28, 34, 36].

at 1–4].² On June 10, 2025, Defendant Kevin Realworldfare removed the case to this Court. [Dkt. 1, "Notice of Removal"]. Plaintiff then filed a motion to remand the case to Riverside Superior Court. [Dkt. 12, "Motion to Remand"].

The Court denied Defendant's motion to disqualify. [Dkt. 50].

## II.   LEGAL STANDARD

A motion to remand challenges the propriety of the defendant's removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Considering the "strong presumption" against removal, the defendant carries the burden of proving that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1446, defendants have two opportunities to file a notice of removal. The first opportunity is "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The second opportunity is:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Accordingly, where the complaint is indeterminate about removal, defendants may remove the action within 30 days of receiving a

---

² The Court **GRANTS** Plaintiff's request for judicial notice. [Dkt. 12-2, "RJN"]. Plaintiff seeks to notice several documents from the Superior Court docket and a related federal case. Courts may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

document or paper demonstrating the case is removable. *Prado v. Dart Container Corp. of California*, 373 F. Supp. 3d 1281, 1285–86 (N.D. Cal. 2019).[3]

## III. DISCUSSION

Plaintiff argues this action should be remanded to state court because Defendant failed to properly remove this action within the statutory 30-day window. [Dkt. 12 at 4–5]. Plaintiff also argues this action is not removable under 28 U.S.C. § 1331, as there is no subject matter jurisdiction. For the following reasons, the Court finds that Defendant's removal was untimely. Because the Court finds the removal untimely, the Court need not address Defendant's other arguments on the propriety of removal.

### A. Timeliness of Removal

Plaintiff argues Defendant's removal was untimely because it failed to meet the statutory 30-day deadline. [Dkt. 12 at 4–2]. Defendant responded to the complaint on March 22, 2025, which a fortiori, means he received the complaint on or before that date. [Dkt. 12-7]. Given the statutory time period, Defendant should have filed for removal by April 22, 2025. However, Defendant did not file for removal until June 10, 2025, a month and a half later. [Dkt. 1]. Here, Defendant's removal was untimely.

Section 1446(b)'s thirty-day time limit is mandatory and "a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). Because Plaintiff made a timely objection to Defendant's removal, such objection to Defendant's late petition warrants remand. *See* 28 U.S.C. § 1447(c) (requiring a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)").

---

[3] The Ninth Circuit further recognizes a third opportunity for defendant to file a notice of removal: where, during defendant's own investigation, the defendant uncovers information sufficient to demonstrate removability after the expiration of the two statutory 30-day windows. *Jakuttis v. Allstate Indem. Co.*, No. EDCV 15-0624 JGB (KKx), 2015 WL 3442083, at *2 (C.D. Cal. May 27, 2015).

### B.     Attorney's Fees

Under 28 U.S.C. § 1447(c), the Court has wide discretion to grant or deny attorney fees when remanding a case. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992); *see* 28 U.S.C. § 1447(c). Attorney fees should be granted when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); *see also Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007).

Here, the Court denies Plaintiff's request for attorney fees given the expeditious remand to state court. The Motion for Attorney's Fees is hereby **DENIED**. While the Court declines to impose a pre-filing order at this juncture, it reserves the right to do so if Defendant continues to file frivolous notices of removal or motions in the future.

### IV.     CONCLUSION

Accordingly, Plaintiff's Motion to Remand [Dkt. 12] is **GRANTED** and their request for attorney's fees is **DENIED**. All other pending motions are **DENIED as moot**. Further, the Court **ORDERS** this case **REMANDED** to the Superior Court of the State of California in and for the County of Riverside.

**IT IS SO ORDERED.**